# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MARVEL DANIEL, #344042**

        **Petitioner,**

                          Case No: 07-CV-12042
                          Hon. John Corbett O'Meara
                          Magistrate Judge R. Steven Whalen

**v.**

**CINDI CURTIN,**

        **Respondent.**

_____

## OPINION & ORDER DENYING
## MOTION FOR RECONSIDERATION

### Introduction

Petitioner, Marvel Daniel, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254 on May 10, 2007 challenging his conviction of second degree murder. He sought habeas relief based upon his claims of ineffective assistance of counsel and prosecutorial misconduct. His habeas petition was dismissed without prejudice on September 7, 2007 because he failed to pay the $5.00 filing fee or alternatively, to file an *in forma pauperis* application pursuant to 28 U.S.C. §1914(a); 28 U.S.C. §1915; Rule 3 of the Rules Governing §2254 Cases; Fed. R. Civ. P. 41(b); and Local Rule 41.2 (E.D. Mich. Mar. 2, 1998). Petitioner now seeks reconsideration of this Court's order of dismissal, claiming that he attempted to have the $5.00 fee sent to the Court with his habeas petition on May 10, 2007, by requesting that certain Michigan Department of Corrections staff send the filing fee in his behalf from his account. However, unbeknownst to him, it was never sent and/or it was never received by the Court.

**Standard of Review**

Local Rule 7.1(h) allows a party to file a motion for reconsideration. *E.D. Mich. LR 7.1(h)*. Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

See, *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D.Mich.1997). Thus, the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F.Supp.2d 671, 674 (E.D.Mich.2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich.2001).

**Discussion**

The Court finds that Petitioner has not alleged any "palpable defect by which the court and the parties have been misled" and denies Plaintiff's motion for reconsideration. See, E.D. MICH. L.R. 7.1(g)(3). Although Petitioner claims that he had the filing fee sent with his Petition on May 10, 2007, he admittedly knew on or about July 25, 2007, that the Court did not have the filing fee and that he had until August 15, 2007 to send in the filing fee or file and *in forma pauperis* application. Instead of complying with the Court's order, on August 8, 2007, Petitioner filed a motion to stay these proceedings and to hold them in abeyance. Such a motion does not negate the fee or *in forma pauperis* status requirement pursuant to 28 U.S.C. §1914(a) and 28 U.S.C. §1915.

2

Whether or not Petitioner was aware of that fact is of no moment in this Court's review of his reconsideration motion. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law would not be an excuse under these circumstances). Even if the Court had granted the stay, the fee and/or *in forma pauperis* issues would still have required resolution. Despite the fact that Petitioner had until August 15, 2007 to comply with this Court's order, his case was not dismissed until September 7, 2007. Therefore the Court was generous again by allowing Petitioner additional time to be in compliance.[1] It was not until September 20, 2007 that Petitioner filed his $5.00 fee with the Court.

**Conclusion**

Petitioner's motion for reconsideration has not pointed to any palpable defect in the Court's ruling. Rather, Plaintiff attempts to explain his actions. The fact remains that Petitioner failed to comply with the filing fee requirements and failed to comply with the Court's Order directing compliance until his case had already been dismissed.

Accordingly,

IT IS ORDERED that the Petitioner's "Motion for Reconsideration of Order of Dismissal" [Doc. #7-1, filed September 20, 2007] is DENIED.

s/John Corbett O'Meara  
United States District Judge

Date: December 18, 2007

---

[1] The Court initially sent Petitioner an Order to Correct Deficiency dated June 7, 2007. However, because Petitioner failed to inform the Court of his change of address and which he still has not formally done, the Order was returned. The Court issued another Order giving Petitioner another 21 days in which to be in compliance with the fee requirements.

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 18, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager